IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HAROLD OKEITH HAGLER, #42055 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv042 |
| MICHAEL B. LEWIS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Harold Okeith Hagler, a pretrial detainee confined in the Gregg County Jail, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The original complaint was filed on January 31, 2022. (Dkt. #1). In response to the Court's Order (Dkt. #7), Plaintiff filed his amended complaint on March 17, 2022. (Dkt. #9). An amended petition entirely supersedes and takes the place of an original petition. *See Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). The amended petition is the live pleading in this action.

In his amended complaint, Plaintiff is suing his criminal defense attorney, Mr. Michael B. Lewis, and the Longview Police Department. (Dkt. 3, p. 3). He asserts that Mr. Lewis did not talk to him about his criminal case and did not try to get the criminal case dismissed. He claims that the Longview Police Department allowed him to be put in jail without cause. He asserts that he was arrested for no cause and that he has been locked up in the Gregg County Jail since August 1,

2020, on a bogus criminal charge. He is seeking unspecified compensatory damages against the Defendants.

The Supreme Court has held that a plaintiff who seeks to recover damages in a civil suit for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). On the other hand, when criminal charges are pending, then a civil rights lawsuit should be stayed until the criminal charges pending against a plaintiff have run their course. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007); *U.S. v. $2,067,437.08 in U.S. Currency*, No. 6:07cv319, 2008 WL 238514 (E.D. Tex. Jan. 28, 2008). It is not the role of federal courts to intervene in state court criminal proceedings.

If a plaintiff is eventually convicted on the criminal charges, then he may not proceed with his claims until *Heck* is satisfied. In the present case, the Greg County criminal charges are still pending against Plaintiff. Plaintiff's complaint about the actions or inactions of the Defendants are interrelated with his pending criminal charges. The lawsuit should be administratively closed during the pendency of the criminal charges.

## Recommendation

It is recommended that Plaintiff's civil rights lawsuit be administratively closed. Plaintiff should be permitted to ask the Court to place the case back on the active docket if and when the criminal charges are dismissed or resolved in his favor. If Plaintiff is convicted or the criminal charges are finally resolved against him, then the case should be dismissed. The case should be dismissed if the Court has not heard from Plaintiff within two years from the entry of the order administratively closing the case.

Within fourteen (14) days after receipt of the report, any party may serve and file written objections to the findings and recommendations of the Magistrate Judge.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 22nd day of March, 2022.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE